NOTE: CHANGES MADE BY THE COURT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REX and SEDA NATAN, husband and wife;<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>CITIMORTGAGE, INC., a New York corporation; and DOES 1 through 100, inclusive;<br><br>　　　　　　Defendants; | Case No. CV 14-05779 DSF-PLAx<br>Hon. Dale S. Fischer<br><br>Magistrate Judge Paul L. Abrams<br><br>**DISCOVERY MATTER**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint filed:　July 24, 2014 |

Plaintiffs Rex and Seda Natan ("Plaintiffs"), and Defendant CitiMortgage, Inc. ("Defendant") (in the singular, "Party"; collectively, the "Parties") seek this Court's approval and entry of this Stipulated Protective Order (the "Protective Order") pursuant to Federal Rule of Civil Procedure 26(c).

**GOOD CAUSE STATEMENT:**

The prosecution and defense of these actions may require the discovery or disclosure of documents, information or other material claimed by one or more of the Parties or third parties to be non-public personal financial or other confidential information, or involve trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  This action may involve trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, a proprietary loan servicing system and confidential default-related system, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order

for such information is useful and justified in this matter.  It is the intent of the parties and the Court that information will not be designated as confidential for tactical reasons in this case and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case.  Further, the scope and effect of this Protective Order is governed by the Local Rules and this Court's Standing Order and procedures, and thus does not govern court proceedings in the trial in any of the Actions.  This Protective Order is thus entered into for good cause shown.

**TERMS OF PROTECTIVE ORDER**

This Protective Order is intended to protect from disclosure documents and information that the parties deem to be confidential in accordance with applicable law and rules.  Documents and information so designated may only be disclosed or used as further provided herein.  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated by and among the Parties to this Action, through their respective counsel and subject to the approval of this Court, as follows:

1.      In connection with pretrial discovery proceedings in this Action, a Party providing or producing information in any form ("Producing Party") to another Party ("Receiving Party"), including documents and/or all materials within the scope of Fed. R. Civ. P. 34, electronically stored information ("ESI"), tangible things, written discovery responses, answers to requests to admit, and testimony, may designate such items as "CONFIDENTIAL" based on a good faith belief that such items are confidential under this Order and are not otherwise in the public domain.

2.      The designation "CONFIDENTIAL" shall be limited to information that the Producing Party reasonably believes contains:

(a)     Trade secret or other confidential research, development, or commercial information including, but not limited to,

confidential policies regarding loan modification requests and the use of proprietary computer systems, all subject to confidential treatment under Fed. R. Civ. P. 26; and/or

    (b)  Personal information of a private or sensitive matter including, but not limited to, loan applications, nonpublic financial information regarding Plaintiffs or other borrowers. These documents include, but are not limited to, documents or data containing personally identifiable financial information such as social security numbers, account numbers or loan numbers, and private information that, if disclosed likely would cause substantial harm to a person, such as bank account statements and income tax returns, all subject to confidential treatment under Fed. R. Civ. P. 26.

    3.    All "CONFIDENTIAL" documents and/or all materials within the scope of Fed. R. Civ. P. 34, ESI, tangible things, written discovery responses, answers to requests to admit, and testimony, along with items or portions thereof that are so designated and the information contained in the documents and other materials:

    (a)  shall be disclosed, whether oral, written or otherwise, only to the extent permitted by this Protective Order;

    (b)  shall be used solely for the purpose of the preparation and trial of this Action;

    (c)  shall not be used, directly or indirectly, by any Party for any business, commercial, or competitive purpose, and

    (d)  no person receiving such information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the information to any person other than those specified in Paragraph 11. Any other use is prohibited.

4. All copies, excerpts, summaries, compilations, testimony, conversations, presentations, documents, or records that include, communicate, or reveal material designated "CONFIDENTIAL" are themselves deemed to constitute confidential matters of the same type whether or not marked or designated as such.

5. Stamping the legends "CONFIDENTIAL" on the cover of any multi-page document or ESI shall designate all parts of the document or ESI as such unless otherwise stated by the Producing Party. The inadvertent failure to designate Confidential Information as "CONFIDENTIAL" in accordance with this Protective Order prior to or at the time of disclosure shall not operate as a waiver of the Producing Party's right to thereafter designate such information as confidential prior to trial. If documents or ESI are produced preliminarily for the purpose of inspection and designation for copying and have not been marked "PRIVILEGED" or "CONFIDENTIAL" before inspection by the Receiving Party, such inspection shall be made only by counsel of record for the Receiving Party and the associates, paralegals, and secretaries of said counsel who are actively engaged in assisting such counsel in this Action.

6. Any confidential information not reduced to documentary, ESI, tangible or physical form, or which otherwise cannot conveniently be designated in the manner set forth in Paragraph 1 above, shall be designated as "CONFIDENTIAL" by the Producing Party by informing the Receiving Party in writing that the information is confidential and of the class of designation.

7. The Court has the ultimate authority to determine whether information or material should be designated as "CONFIDENTIAL" notwithstanding a Party's decision to so designate the information or material.

8. Neither the designation by a Party of any document, information, or deposition testimony as "CONFIDENTIAL" hereunder, nor its receipt by the other Party, shall constitute a concession that the document, information, or deposition testimony is CONFIDENTIAL.

9. In the event that any Party to this litigation disagrees with the designation of any document or category of documents as confidential, such Party shall provide to the designating Party written notice of its disagreement. The Parties shall first attempt in good faith to resolve any such dispute informally. If the dispute cannot be resolved, the Party challenging the designation may initiate the procedure set forth in Local Rule 37-1 and Local Rule 37-2. Any Party may challenge a designation of confidentiality at any time **within the discovery period set by the district judge**. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. Any documents in dispute shall be treated as originally designated pending resolution by the Court.

10. Nothing in this Protective Order shall prevent any Party from objecting to discovery that it believes is improper.

11. Documents (and all other types of information set forth in Paragraph 2 above) designated as "CONFIDENTIAL" by the Producing Party and all information contained therein shall be kept confidential by the Receiving Party, shall be used solely for the prosecution or defense of this Action, and shall be disclosed or made available only to the Court and its staff, including court reporters, and the following persons except as discussed in Paragraphs 12 and 15:

    (a) Counsel of Record for Plaintiffs;

    (b) Counsel of Record for Defendant and the in-house counsel for Defendant responsible for supervising this Action;

    (c) Partners, associates, paralegals, secretaries, and other personnel employed or retained by or working under the supervision of counsel described in Subparagraphs (a) & (b) who are actively engaged in assisting such counsel in this Action;

    (d) Outside consultants, technical advisors, and expert witnesses

(whether designated as trial witnesses or not), and together with their respective assistants and clerical staff, who are actively engaged in assisting the counsel described in Subparagraphs (a) and (b) in this Action provided they meet the requirements of Paragraph 15 of this Protective Order;

(e) The parties and their current and former officers, directors, in-house counsel and employees deemed necessary to aid counsel in the conduct of the above-captioned action;

(f) A witness at any deposition or other proceeding, or any person counsel reasonably believes may be a witness in this Action;

(g) A witness who has or has had access to the information or who was an author or recipient of the information;

(h) Copying or imaging services or court reporters associated with or retained by a party in connection with this action;

(i) Mock trial participants provided that they sign a document in the form of Exhibit A hereto, and are not permitted to retain any CONFIDENTIAL materials;

(j) A settlement judge or mediator to whom the parties mutually agree; and

(k) Any other person or entity as to whom counsel for the producer or provider of the confidential information agrees in writing, or whom the Court directs, shall have access to such information.

12. To the extent not redacted, "nonpublic personal information" and "personally identifiable financial information," as defined under 12 C.F.R. § 40.3, 16 C.F.R. § 313.3 and/or the regulations related thereto ("Consumer Financial Privacy Laws") that can be traced to an individual, may be produced on the

1  condition that any such data, documents, and/or information so produced may be
2  disclosed, if at all, only to the following categories of persons: (i) individuals
3  identified in Paragraphs 11(a) and (b); (ii) the Court and its staff; (iii) provided that
4  requirements of Paragraph 15 are met, the persons identified in Paragraph 11(d);
5  (iii) persons who are the subject of the data, documents and/or information
6  disclosed; (iv) individuals designated by the Producing Party as its Fed. R. Civ. P.
7  30(b)(6) witness(es); and (v) those individuals approved by this Court upon motion
8  of any party.

9        13. All individuals to whom "CONFIDENTIAL" information is to be
10 disclosed shall be informed of the existence of this Protective Order, shall be
11 provided with a copy thereof, and shall be instructed that material designated
12 pursuant to this Protective Order may not be used other than in connection with this
13 Action and may not be disclosed to anyone other than those persons contemplated
14 by this Protective Order. Legal counsel for the discovering Parties shall take
15 reasonable steps to insure adherence to the terms and conditions of this Protective
16 Order by their respective stenographic and clerical employees.

17       14. Material designated as "CONFIDENTIAL" under this Protective
18 Order shall not be revealed to any person not designated in Paragraph 11, unless the
19 Party producing the designated material assents in writing to the disclosure or
20 unless the Court otherwise directs. If any court, arbitration tribunal, or an
21 administrative or government agency requests, demands, subpoenas, or orders
22 production of material designated as "CONFIDENTIAL" that a Party has obtained
23 under the terms of this Protective Order, before turning over the material, to the
24 extent practicable without disobeying a lawful order or demand, such Party shall
25 promptly (not more than five (5) business days after receipt of such request,
26 demand, subpoena, or order) notify the Party that so designated the material at issue
27 as "CONFIDENTIAL" of the pendency of such request, demand, subpoena, or
28 order, afford a reasonable opportunity for the Party that so designated such material

1  to oppose the request, demand, subpoena, or order and will not produce the material
2  before the date compelled by law. Nothing in this paragraph is intended to require a
3  party to disobey a lawful demand, subpoena or order.

4       15.   Disclosure of documents designated as "CONFIDENTIAL" to the
5  persons described in Paragraph 11(d) shall be solely for evaluation, testing,
6  testimony, preparation for trial, or other services related to this Action.  Any such
7  person shall execute a "Non-Disclosure Agreement" in the form attached as Exhibit
8  A hereto, stating that he or she has read and understands this Protective Order and
9  agrees to be bound by its terms, before any "CONFIDENTIAL" documents are
10 shown to that person.  The original Exhibit A shall be maintained by counsel of
11 record for the Party on whose behalf the outside consultant, technical advisor, or
12 expert witness has been employed or retained.

13      16.   Opposing counsel shall be notified at least fourteen (14) days before
14 disclosure to any person who is known to be an employee or agent of, or consultant
15 to, any competitor of the Party whose designated documents are sought to be
16 disclosed.  Such notice shall provide a reasonable description of the outside
17 independent person to whom disclosure is sought sufficient to permit an objection
18 to be made.  If a Party objects in writing to such disclosure within fourteen (14)
19 days after receipt of notice, no disclosure shall be made until the Party seeking
20 disclosure obtains the prior approval of the Court after filing a motion and joint
21 stipulations as set forth in Local Rule 37 and pursuant to the procedures described
22 in Paragraph 9 above. If the parties want to file the motion and joint stipulation
23 required by Local Rule 37 under seal, the parties may file a stipulation to that effect
24 or the moving party may file an ex parte application making the appropriate
25 request.  The parties must set forth good cause in the stipulation or ex parte
26 application as to why the joint stipulation or portions thereof should be filed under
27 seal. This paragraph does not apply to testifying or consulting experts of the Parties
28 provided they meet the requirements of Paragraph 15 of this Protective Order,

1  including, but not limited to, the requirement to read and execute Exhibit A.

2       17.   Third parties producing documents in the course of this Action may also designate information as "CONFIDENTIAL," subject to the same protections and constraints as the Parties to the Action.  A copy of the Protective Order shall be served along with any subpoena served in connection with this Action which is reasonably believed by the subpoenaing party to elicit production of "CONFIDENTIAL" documents or information. All documents produced by such third parties shall be treated as "CONFIDENTIAL" for a period of fourteen (14) days from the date of their production to the extent they contain material subject to the Consumer Financial Privacy Laws and/or are from a third party who owes a Party a duty of confidentiality whether through an agreement with that Party or otherwise, and during that period any Party may designate such documents as "CONFIDENTIAL" pursuant to the terms of the Protective Order.

     18.   Unless otherwise agreed, deposition testimony and the transcripts and video recordings of depositions conducted during pretrial discovery in this Action shall be treated as "CONFIDENTIAL" for a period of fifteen (15) business days, or such different number of days as the Parties may agree, after receipt of such deposition transcript and/or video recordings, to allow time for the deponent or counsel for that deponent, or any Party or its counsel, to notify all Parties of any "CONFIDENTIAL" matter.  A Party to this Action also may designate in writing, after receipt of the deposition transcript or video recording for which the designation is made, those pages of the transcript or portions of the recording to be treated as "CONFIDENTIAL." A Party to this Action may also designate matter disclosed during a deposition as "CONFIDENTIAL" by so stating on the record during the deposition; the other Party may, but need not, object to such designation on the record.  After any designation made according to the procedure set forth in this Paragraph, the designated matter shall be treated according to the designation until any dispute is resolved according to the procedures described in Paragraph 9

1  above. The deposition of any witness (or any portion of such deposition) that
2  encompasses information designated "CONFIDENTIAL" shall be taken only in the
3  presence of persons who are qualified to have access to such information.

4      19.   If materials designated as "CONFIDENTIAL" or quotations from
5  and/or references to such materials, are to be included in papers filed with the Court
6  before trial, such papers shall be filed under seal pursuant to applicable rules until
7  further order of the Court. **Good cause to file under seal must be shown.** Even if
8  the filing party believes that the materials subject to the Protective Order are not
9  properly classified as "CONFIDENTIAL" the filing party shall file such papers
10  under seal pursuant to applicable rules; provided that the filing of any such
11  materials under seal will not prejudice the filing party's rights to challenge the
12  "CONFIDENTIAL" designation of such materials.  To the extent that the Court
13  requires leave to file "CONFIDENTIAL" documents or information under seal, the
14  Parties agree to abide by such process.

15      20.   This Order shall not apply to the Parties' trial, if one occurs, nor the
16  handling of information during trial.  Before disclosure at trial or a hearing of
17  materials or information designated "CONFIDENTIAL", any Party may seek
18  further protections against public disclosure from the Court for good cause shown.

19      21.   Nothing herein shall impose any restrictions on the use or disclosure
20  by a Party of information obtained by such Party independent of discovery in this
21  Action, whether or not such information is also obtained through discovery in this
22  Action, or from disclosing its own "CONFIDENTIAL" information as it deems
23  appropriate except to the extent that such information includes sensitive personal or
24  private financial information about another party.  However, a Party to this Action
25  may prospectively declare that items and information designated as
26  "CONFIDENTIAL," which are in the custody of a third person/party and to be
27  produced through discovery in this Action, are protected under this Protective
28  Order based on a good faith belief that such material is CONFIDENTIAL within

1  the meaning of this Protective Order. Counsel for the Party receiving such items
2  and information shall treat them as so designated until such time as the designating
3  Party has had a reasonable opportunity to review and stamp the received items and
4  information in accordance with this Protective Order.

5        22.    Any inadvertent disclosure of information that otherwise is not
6  discoverable for reasons of the attorney-client privilege, work product privilege, or
7  other privilege, doctrine, or immunity, shall be governed by the Federal Rule of
8  Civil Procedure and the Federal Rules of Evidence.

9        23.    Upon request of the Producing Party, within sixty (60) days after the
10 final disposition of all claims and defenses in this Action, by settlement or
11 expiration of time to appeal ("Final Disposition"), all documents designated as
12 "CONFIDENTIAL" and all materials produced by a Party that contain
13 "CONFIDENTIAL" information, including all extracts, reproductions, and
14 summaries of such information unless they are they are subject to the attorney work
15 product protection, shall be destroyed or returned to counsel for the Producing Party
16 or its counsel. Such destroyed or returned materials shall not include attorneys'
17 notes or work product. Counsel of record for the Parties also shall be entitled to
18 retain a set of all documents filed with the Court or presented at trial, related
19 Exhibits, a full set of non-confidential deposition transcripts, and all
20 correspondence generated in connection with this Action. Counsel for each Party
21 shall certify that the provisions of this Paragraph have been satisfied by sending
22 opposing counsel a letter confirming compliance within the sixty (60) days of the
23 request. The Parties agree to direct the court reporters to keep copies of the
24 deposition transcripts. Notwithstanding this provision, counsel are entitled to retain
25 an archival copy of all pleadings, motion papers, trial, deposition, and hearing
26 transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert
27 reports, attorney work product, and consultant and expert work product, even if
28 such materials contain CONFIDENTIAL material. Any such archival copies that

contain or constitute CONFIDENTIAL material remain subject to this Order and the Court shall have jurisdiction to enforce the terms of this Order following the final disposition of this action.

24. The Parties agree that the filing and entry of this Protective Order shall not constitute a waiver of any rights under any applicable law, court rules, or both. The Parties further agree that no action taken pursuant to the Protective Order shall be construed as a waiver of any claim or defense in this Action or of any position as to discoverability or admissibility of evidence.

25. The obligations imposed by the Protective Order shall survive the termination of this Action.

26. The parties hereby agree to abide by the terms of this Protective Order during any interim period prior to its entry and shall continue to abide by its terms after its entry absent a contrary order of the Court.

**IT IS SO ORDERED:**

Dated  November 30, 2015                    _____
                                            United States Magistrate Judge
                                            Paul L. Abrams


Dated: November 25, 2015        By: /s/ Peter B. Fredman
                                _____
                                Peter B. Fredman (Cal. Bar No. 189097)
                                LAW OFFICE OF PETER FREDMAN PC
                                125 University Avenue, Suite 102
                                Berkeley, CA 94710
                                Telephone: (510) 868-2626
                                Facsimile:  (510) 868-2627
                                peter@peterfredmanlaw.com

                                David Pivtorak (Cal. Bar No. 255943)
                                PIVTORAK LAW FIRM
                                611 Wilshire Boulevard, Suite 325
                                Los Angeles, CA 90017
                                Telephone: (213) 291-9130

Facsimile: (877) 748-4529
pivtoraklaw@gmail.com

Attorneys for Plaintiffs
REX and SEDA NATAN


By: /s/ Debra Bogo-Ernst_____

DEBRA BOGO-ERNST (*pro hac vice*)
MAYER BROWN LLP
*dernst@mayerbrown.com*
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 701-7403
Facsimile: (312) 706-8474

MICHAEL D. SHAPIRO (SBN 271912)
MAYER BROWN LLP
*mshapiro@mayerbrown.com*
350 S. Grand Ave., 25th Floor
Los Angeles, CA 90071
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

Attorneys for Defendant
CITIMORTGAGE, INC.

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REX and SEDA NATAN, husband and wife;<br><br>Plaintiffs,<br><br>vs.<br><br>CITIMORTGAGE, INC., a New York corporation; and DOES 1 through 100, inclusive;<br><br>Defendants. | Case No. CV 14-05779 DSF-PLAx<br>Hon. Dale S. Fischer<br><br>Magistrate Judge Paul L. Abrams<br><br>**DISCOVERY MATTER**<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Complaint filed:   July 24, 2014 |

## NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order in this action, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court and that at the conclusion of the litigation I will return, or certify the destruction of, all discovery information to the Party or attorney from whom I received it.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

**Executed On:** _____     _____
                     (Date)                                              (Signature)